Filed 2/15/23  P. v. Brackett CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEMOND CHARLES BRACKETT,<br><br>Defendant and Appellant. | C096309<br><br>(Super. Ct. Nos. CRF2200263, CRF2200544, CRF2200560) |

Defendant Demond Charles Brackett appeals from an order committing him to the Department of State Hospitals (DSH) following a finding that he was incompetent to stand trial in three criminal matters.  His appointed counsel has filed a brief asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  While we are not required to independently review the record in these circumstances (*People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1024-1025 (*Blanchard*)), our discretionary review of the record reveals no meritorious issues.  We therefore affirm the trial court's order.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

In February 2022, defendant was charged with assault upon a custodial officer (CRF22-263). The following month, he was charged in two separate cases with battery against a custodial officer (CRF22-544) and threatening a public officer (CRF22-560). In the latter two cases, defendant was alleged to have a prior strike conviction within the meaning of the Three Strikes law.

On March 21, 2022, a day before the third of these cases was filed, defendant's trial counsel declared a doubt regarding defendant's competence to stand trial in the first two matters. The question of defendant's mental competence was submitted on psychiatric evaluations that were conducted in connection with two prior cases that are not at issue in this appeal. Defendant's attorney informed the trial court that defendant had already been committed to DSH in those matters and was awaiting transport. Based on these prior evaluations, the trial court found defendant incompetent to stand trial in the new matters and suspended criminal proceedings.

On April 7, 2022, the same doubt was declared with respect to defendant's competence to stand trial in the third case at issue in this appeal. Criminal proceedings were suspended in this matter as well. However, rather than find defendant to be incompetent based on the prior evaluations, the trial court "reappoint[ed] Dr. Daisy Switzer to give an updated opinion of [d]efendant's competency" for purposes of all three cases and ordered a hearing pursuant to Penal Code section 1369. Statutory section citations that follow are found in the Penal Code unless otherwise stated.

At the hearing, held on April 28, 2022, the parties submitted the matter on the report filed by Dr. Switzer, as well as two previous reports filed in the prior cases noted above. Dr. Switzer concluded that while defendant was presently able to understand the nature of the proceedings, he did not presently have sufficient mental capacity to consult with an attorney and assist rationally in the formation of a defense. As the doctor

2

explained, defendant "harbors deep resentment and persecutory delusions and refuses to engage with his attorney." In support of this conclusion, Dr. Switzer noted, among other things, that defendant refused to attend the current evaluation and summarized a prior evaluation in which defendant expressed paranoia about his case, believed his attorney was conspiring against him, and admitted he was not communicating with counsel " 'because of lies.' "

Based on these reports, the trial court found defendant incompetent to stand trial in each of the three cases and committed him to DSH. We also note that in addition to refusing to talk to his attorney and meet with Dr. Switzer for the current evaluation, defendant also refused to attend the competency hearing. The commitment order challenged in this appeal was filed on May 5, 2022.

## DISCUSSION

A criminal defendant is not entitled to *Wende* review in an appeal from a commitment order following a finding of incompetence to stand trial because such an appeal is not the defendant's first appeal as of right, and principles of due process do not otherwise compel independent review in these circumstances. (*Blanchard, supra*, 43 Cal.App.5th at pp. 1024-1025.)

In reaching this conclusion, the *Blanchard* court discussed *In re Sade C.* (1996) 13 Cal.4th 952, in which our Supreme Court held *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, did not apply to an indigent parent's appeal of an order affecting child custody or parental status because such proceedings are civil in nature and, therefore, the appeal is not a criminal defendant's first appeal as of right. (*Sade C.*, at pp. 981-982.) However, the court nevertheless went on to consider the following three factors in order to determine whether principles of due process required *Anders*/*Wende* review to be extended to these circumstances: "(1) the private interests at stake; (2) the state's interests involved; and (3) the risk that the absence of the procedures

3

in question will lead to an erroneous resolution of the appeal." (*Id.* at p. 987.) Balancing these factors, the court concluded *Anders*/*Wende* review was not required. (*Id.* at pp. 987-991.)

The *Blanchard* court then discussed *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, in which our Supreme Court similarly held *Anders* and *Wende* did not apply to an appeal from the imposition of a conservatorship under the Lanterman-Petris-Short (LPS) Act. (*Id.* at pp. 536-537.) After further concluding that the foregoing factors did not require extension of *Anders*/*Wende* review to such an appeal (*id.* at pp. 537-543), the court provided the following guidance: "If appointed counsel in a conservatorship appeal finds no arguable issues, counsel need not and should not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion." (*Id.* at p. 544, fns. omitted.)

Applying *Sade C.* and *Ben C.*, the *Blanchard* court explained that the process for committing a criminal defendant found to be incompetent to stand trial occurs while criminal proceedings are suspended and "is a special proceeding of a civil nature [citation], not a criminal defendant's first appeal of right . . . ." (*Blanchard, supra*, 43 Cal.App.5th at p. 1025.) Nor do the factors set forth above require extension of *Anders*/*Wende* review to an appeal from a commitment order: "The public and private interests at stake in competency proceedings are strikingly similar to LPS commitments. Concern for prompt evaluation and treatment of mentally incompetent defendants, their individualized treatment and supervision, protection of the public, and a comprehensive system of judicial review to protect the rights of such defendants are all attributes of the statutory scheme." (*Ibid.*) And while "the liberty interest at stake for a defendant found incompetent to proceed is significant[,] . . . just as in the case of LPS commitments, the scheme for mentally incompetent defendants has 'several layers of important safeguards.'

4

[Citation.]" (*Ibid*.) On balance, the court concluded "*Anders/Wende* review is not required." (*Ibid*.) Instead, the court concluded the brief filed by the defendant's counsel pursuant to *Wende* satisfied the procedure articulated in *Ben C.* and provided "an adequate basis for [the] court to dismiss the appeal on [its] own motion." (*Id*. at pp. 1025-1026.)

Our Supreme Court's recent decision in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) contains additional guidance on how appellate courts should handle requests for *Anders/Wende* review when the matter being appealed is not a criminal defendant's first appeal of right. There, after concluding the procedures set out in *Wende* do not apply in the context of an appeal from an order denying postconviction relief under section 1172.6, the court exercised its inherent supervisory powers to establish appellate procedures and requirements for providing notice to a defendant before a Court of Appeal dismisses an appeal in these circumstances: "the Court of Appeal should provide notice to the defendant that counsel was unable to find any arguable issues; the defendant may file a supplemental brief or letter raising any argument the defendant wishes the court to consider; and if no such supplemental brief or letter is timely filed, the court may dismiss the appeal as abandoned." (*Delgadillo,* at p. 222.) There, the notice provided to the defendant was "suboptimal" because "it did not inform [him] that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed." (*Ibid*.) The court then conducted its own independent review of the record and concluded the defendant was not entitled to any relief under section 1172.6. (*Ibid*.) The court further noted that "the decision to conduct independent review is solely up to the discretion of the Courts of Appeal and is not required." (*Id*. at p. 233, fn. 6.)

While the appellate procedures set out in *Delgadillo* apply to appeals from an order denying postconviction relief under section 1172.6, not appeals from a commitment order following a finding of mental incompetence, and while the *Delgadillo* court cited both *Sade C.* and *Ben C.* with approval in the opinion (*Delgadillo, supra*, 14 Cal.5th at

pp. 222, 229-233), we nevertheless exercise our inherent discretion to independently review the record because the notice given to defendant in this case similarly failed to notify him that dismissal of the appeal was on the table.

Our review of the record reveals no arguable issues. The finding that defendant was incompetent to stand trial is supported by substantial evidence. (See *People v. Wycoff* (2021) 12 Cal.5th 58, 84 [psychologist's report constituted substantial evidence supporting a finding of incompetence to stand trial based solely on the defendant's incapability of cooperating with counsel].) The commitment ordered by the trial court is authorized by law. Defendant was at all times represented by competent counsel, who was not precluded "from waiving a jury, forgoing the right to present live witnesses, and submitting the competency determination on the psychiatric reports filed with the court." (*People v. Weaver* (2001) 26 Cal.4th 876, 904.)

### DISPOSITION

The judgment (commitment order) is affirmed.

 

HULL, Acting P. J.

We concur:

RENNER, J.

MCADAM, J. Pro Tem.*

\* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.